UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA (Baton Rouge)

| | |
|---|---|
| **FOREVER GREEN ATHLETIC FIELDS, INC., KEITH DAY, AND DAVID RIPKA**<br>*Plaintiffs*<br><br>**VERSUS**<br><br>**BABCOCK LAW FIRM, LLC, BABCOCK PARTNERS, LLC, STEPHEN BABCOCK, APLC, TIMOTHY STEPHEN BABCOCK, ESQ., AND WESTPORT INSURANCE CORPORATION**<br>*Defendants* | CASE NO.: 3:11-cv-00633-JJB-DLD<br><br><br>JUDGE JAMES J. BRADY<br><br>MAGISTRATE JUDGE DOCIA L. DALBY |

## ANSWER TO AMENDED COMPLAINT WITH JURY REQUEST

Babcock Law Firm, L.L.C., Babcock Partners, L.L.C., Stephen Babcock, APLC, Timothy Stephen Babcock and Westport Insurance Corporation (collectively "Defendants"), through undersigned counsel, answer the allegations of Forever Green Athletic Fields, Inc., Keith Day and David Ripka's (collectively "Plaintiffs") Amended Complaint as follows:

1.

Paragraph 1 is denied, except to admit that Plaintiffs have filed a legal malpractice action against Defendants and that Westport Insurance Corporation issued a policy of insurance to Babcock Partners, L.L.C. that, being a written contract, is the best evidence of its contents and is subject to all terms, conditions, provisions, exclusions and limitations contained therein, all of which are pled herein by reference.

1

2.

Paragraph 2 is denied, except to admit that Plaintiffs retained Babcock Law Firm, L.L.C. to represent them in the matter captioned *Dawson, et al. v. Forever Green, et al.*, Docket No. 531,941, 19th Judicial District Court, East Baton Rouge Parish, Louisiana ("Dawson I").

3.

Paragraph 3 is denied for lack of sufficient information to justify a belief therein, except to admit that the petition for damages filed in Dawson I is the best evidence of its contents.

4.

Paragraph 4 is admitted.

5.

Paragraph 5 is denied, except to admit that the petition for damages filed in *Dawson, et al. v. Forever Green, et al.*, Docket No. 547,844, 19th Judicial District Court, East Baton Rouge Parish, Louisiana ("Dawson II") is the best evidence of its contents.

6.

Paragraph 6 contains a legal conclusion that does not require a response. However, out of an abundance of caution, Paragraph 6 is denied.

7.

Paragraph 7 contains a legal conclusion that does not require a response. However, out of an abundance of caution, Paragraph 7 is denied.

8.

Paragraph 8 is denied, except to admit that Plaintiffs retained Babcock Law Firm, L.L.C. to represent them in the Dawson II litigation.

9.

Paragraph 9 is denied, except to admit that Plaintiffs retained Babcock Law Firm, L.L.C. to represent them in the Dawson II litigation and that Plaintiffs entered into a Standard Attorney-Client Engagement Agreement that, being a written contract, is the best evidence of its contents.

10.

Paragraph 10 is denied, except to admit that the attorney-client relationship between Plaintiffs and Babcock Law Firm, L.L.C. terminated on or before May 21, 2009.

11.

Paragraph 11 is denied.

12.

Paragraph 12 is denied.

13.

Paragraph 13 is denied.

14.

Paragraph 14 is denied.

15.

Paragraph 15 is denied.

16.

To the extent Paragraph 16 requires a response, Defendants restate their responses to the allegations of the Amended Complaint contained in Paragraphs 1 – 15 of this Answer to Amended Complaint.

17.

Paragraph 17 is denied for lack of sufficient information to justify a belief therein.

3

18.

To the extent Paragraph 18 requires a response, Defendants restate their responses to the allegations contained in Paragraphs 1 – 17 of this Answer to Complaint.

19.

Paragraph 19 is denied for lack of sufficient information to justify a belief therein.

20.

Paragraph 20 is denied for lack of sufficient information to justify a belief therein.

21.

Paragraph 21 is denied for lack of sufficient information to justify a belief therein.

22.

Paragraph 22 is denied, except to admit that Babcock Law Firm, L.L.C. was a limited liability company domiciled in Louisiana that changed its name to Babcock Partners, L.L.C. on January 14, 2010.

23.

Paragraph 23 is denied, except to admit that Babcock Partners, L.L.C. is a limited liability company domiciled and has its principal place of business in Louisiana.

24.

Paragraph 24 is denied, except to admit that Stephen Babcock, APLC is a corporation that is domiciled and has its principal place of business in Louisiana.

25.

Paragraph 25 is denied, except to admit that Timothy Stephen Babcock is a person of full age of majority who is domiciled in Louisiana.

26.

Paragraph 26 is denied, except to admit that Westport Insurance Corporation is a Missouri insurance company that is authorized to do business in Louisiana.

27.

To the extent Paragraph 27 requires a response, Defendants restate their responses to the allegations contained in Paragraphs 1 – 26 of this Answer to Amended Complaint.

28.

Paragraph 28 is denied for lack of sufficient information to justify a belief therein.

29.

Paragraph 29 is denied for lack of sufficient information to justify a belief therein.

30.

Paragraph 30 is denied for lack of sufficient information to justify a belief therein, except to admit that Charles and Kelli Dawson filed a lawsuit against Plaintiffs in the matter captioned *Dawson, et al. v. Forever Green, et al.*, Docket No. 531,941, 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

31.

Paragraph 31 is denied, except to admit that the pleadings filed in Dawson I and Dawson II are the best evidence of their contents.

32.

Paragraph 32 is denied, except to admit that the pleadings filed in Dawson I and Dawson II are the best evidence of their contents.

5

33.

Paragraph 33 is denied, except to admit that the pleadings filed in Dawson I and Dawson II are the best evidence of their contents.

34.

Paragraph 34 is denied, except to admit that the pleadings filed in Dawson I and Dawson II are the best evidence of their contents.

35.

Paragraph 35 is denied for lack of sufficient information to justify a belief therein, except to admit that Plaintiffs retained Babcock Law Firm, L.L.C. to represent them in the Dawson I.

36.

Paragraph 36 is denied, except to admit that Plaintiffs retained Babcock Law Firm, L.L.C. to represent them in Dawson I and Dawson II.

37.

Paragraph 37 is denied, except to admit that legal representation in the Dawson I and Dawson II s was provided to Plaintiffs through Babcock Law Firm, L.L.C., which changed its name to Babcock Partners, L.L.C. on January 14, 2010.

38.

Paragraph 38 is denied, except to admit that Babcock Law Firm, L.L.C. changed its name to Babcock Partners, L.L.C. on January 14, 2010.

39.

Paragraph 39 is denied, except to admit that Babcock Law Firm, L.L.C. changed its name to Babcock Partners, L.L.C. on January 14, 2010.

6

40.

Paragraph 40 is denied, except to admit that Babcock Law Firm, L.L.C. changed its name to Babcock Partners, L.L.C. on January 14, 2010.

41.

Paragraph 41 is denied, except to admit that any legal representation at issue was provided through Babcock Law Firm, L.L.C., which changed its name to Babcock Partners, L.L.C. on January 14, 2010.

42.

Paragraph 42 is denied.

43.

Paragraph 43 is denied.

44.

Paragraph 44 is denied, except to admit that legal representation was provided to Plaintiffs through Babcock Law Firm, L.L.C. in Dawson I , and that Babcock Law Firm, L.L.C. obtained a dismissal of Dawson I on behalf of Plaintiffs.

45.

Paragraph 45 is denied, except to admit that the order of dismissal referred to is the best evidence of its contents.

46.

Paragraph 46 is denied, except to admit that the record maintained in Dawson I is the best evidence of its contents.

47.

Paragraph 47 is denied, except to admit that the pleadings filed in Dawson II is the best evidence of its contents.

48.

Paragraph 48 is denied, except to admit that the pleadings filed in Dawson II is the best evidence of its contents.

49.

Paragraph 49 is denied, except to admit that legal representation was provided to Plaintiffs through Babcock Law Firm, L.L.C. in the Dawson II litigation, which legal representation was terminated on or before May 21, 2009.

50.

Paragraph 50 is denied, except to admit that the amended complaint referred to is the best evidence of its contents.

51.

Paragraph 51 is denied.

52.

Paragraph 52 is denied, except to admit that the pleadings filed in the Dawson I and Dawson II are the best evidence of their contents.

53.

Paragraph 53 is denied.

54.

Paragraph 54 is denied.

55.

Paragraph 55 is denied.

56.

Paragraph 56 is denied.

57.

Paragraph 57 is denied.

58.

Paragraph 58 is denied.

59.

Paragraph 59 is denied.

60.

Paragraph 60 is denied.

61.

Paragraph 61 is denied.

62.

Paragraph 62 is denied.

63.

Paragraph 63 is denied.

64.

Paragraph 64 is denied.

65.

Paragraph 65 is denied.

9

66.

Paragraph 66 is denied.

67.

Paragraph 67 is denied, except to admit that Plaintiffs entered into a Standard Attorney-Client Engagement Agreement on or around February 5, 2008 that, being a written contract, is the best evidence of its contents.

68.

Paragraph 68 is denied.

69.

Paragraph 69 is denied.

70.

Paragraph 70 is denied.

71.

Paragraph 71 is admitted.

72.

Paragraph 72 is denied, except to admit that the records maintained by the court in Dawson I and Dawson II are the best evidence of their contents.

73.

Paragraph 73 contains a legal conclusion that does not require a response. However, out of an abundance of caution, Paragraph 73 is denied.

74.

Paragraph 74 is denied, except to admit that those persons providing legal representation through Babcock Law Firm, L.L.C. had knowledge of the allegations contained in the pleadings filed in Dawson I and Dawson II.

75.

Paragraph 75 is denied.

76.

Paragraph 76 is denied for lack of sufficient information to justify a belief therein.

77.

Paragraph 77 is denied, except to admit that Babcock Law Firm, L.L.C. terminated its attorney-client relationship with Plaintiffs on or before May 21, 2009 due to Plaintiffs' repeated failure to pay incurred legal fees and expenses.

78.

Paragraph 78 is denied for lack of sufficient information to justify a belief therein, except to admit that the attorney-client relationship between Plaintiffs and Babcock Law Firm, L.L.C. was terminated on or before May 21, 2009.

79.

Paragraph 79 is denied for lack of sufficient information to justify a belief therein.

80.

Paragraph 80 is denied for lack of sufficient information to justify a belief therein.

81.

Paragraph 81 is denied for lack of sufficient information to justify a belief therein.

82.

Paragraph 82 is denied for lack of sufficient information to justify a belief therein.

83.

Paragraph 83 is denied for lack of sufficient information to justify a belief therein.

84.

Paragraph 84 is denied for lack of sufficient information to justify a belief therein.

85.

Paragraph 85 is denied for lack of sufficient information to justify a belief therein.

86.

Paragraph 86 is denied for lack of sufficient information to justify a belief therein.

87.

Paragraph 87 is denied for lack of sufficient information to justify a belief therein.

88.

Paragraph 88 is denied for lack of sufficient information to justify a belief therein.

89.

Paragraph 89 is denied for lack of sufficient information to justify a belief therein.

90.

Paragraph 90 is denied for lack of sufficient information to justify a belief therein.

91.

Paragraph 91 is denied for lack of sufficient information to justify a belief therein.

92.

Paragraph 92 is denied for lack of sufficient information to justify a belief therein.

93.

Paragraph 93 is denied.

94.

Paragraph 94 is denied.

95.

Paragraph 95 is denied, except to admit that Westport Insurance Corporation issued a policy of insurance to Babcock Partners, L.L.C. that, being a written contract, is the best evidence of its contents and is subject to all terms, conditions, provisions, exclusions and limitations contained therein, all of which are pled herein by reference.

96.

Paragraph 96 is denied, except to admit that Westport Insurance Corporation issued a policy of insurance to Babcock Partners, L.L.C. that, being a written contract, is the best evidence of its contents and is subject to all terms, conditions, provisions, exclusions and limitations contained therein, all of which are pled herein by reference.

97.

To the extent Paragraph 97 requires a response, Defendants restate their responses to the allegations contained in Paragraphs 1 – 96 of this Answer.

98.

Paragraph 98 is denied, except to admit that actions against attorneys in Louisiana are governed by Louisiana Revised Statute 9:5605.

13

99.

Paragraph 99 contains a legal conclusion that does not require a response. However, out of an abundance of caution, Paragraph 99 is denied except to admit that actions against attorneys in Louisiana are governed by Louisiana Revised Statute 9:5605.

100.

Paragraph 100 contains a legal conclusion that does not require a response. However, out of an abundance of caution, Paragraph 100 is denied except to admit that actions against attorneys in Louisiana are governed by Louisiana Revised Statute 9:5605.

101.

Paragraph 101 contains a legal conclusion that does not require a response. However, out of an abundance of caution, Paragraph 101 is denied except to admit that actions against attorneys in Louisiana are governed by Louisiana Revised Statute 9:5605.

102.

Paragraph 102 contains a legal conclusion that does not require a response. However, out of an abundance of caution, Paragraph 102 is denied, except to admit that actions against attorneys in Louisiana are governed by Louisiana Revised Statute 9:5605.

103.

Paragraph 103 contains a legal conclusion that does not require a response. However, out of an abundance of caution, Paragraph 103 is denied except to admit that actions against attorneys in Louisiana are governed by Louisiana Revised Statute 9:5605.

104.

Paragraph 104 contains a legal conclusion that does not require a response. However, out of an abundance of caution, Paragraph 104 is denied except to admit that actions against

14

Case 3:11-cv-00633-JJB -DLD   Document 6   11/14/11   Page 14 of 18

attorneys in Louisiana are governed by Louisiana Revised Statute 9:5605.

105.

Paragraph 105 is denied for lack of sufficient information to justify a belief therein.

106.

Paragraph 106 contains a legal conclusion that does not require a response. However, out of an abundance of caution, Paragraph 106 is denied except to admit that actions against attorneys in Louisiana are governed by Louisiana Revised Statute 9:5605.

107.

Paragraph 107 contains a legal conclusion that does not require a response. However, out of an abundance of caution, Paragraph 107 is denied except to admit that actions against attorneys in Louisiana are governed by Louisiana Revised Statute 9:5605.

108.

Paragraph 108 is denied for lack of sufficient information to justify a belief therein.

109.

Paragraph 109 contains a legal conclusion that does not require a response. However, out of an abundance of caution, Paragraph 109 is denied except to admit that all actions against attorneys in Louisiana are governed by Louisiana Revised Statute 9:5605.

110.

To the extent Paragraph 110 requires a response, Defendants restate their responses to the allegations contained in Paragraphs 1 – 109 of this Answer to Amended Complaint.

111.

Paragraph 111 (A) – (L) are denied.

112.

Paragraph 112 is denied for lack of sufficient information to justify a belief therein.

113.

Paragraph 113 is denied.

114.

To the extent Paragraph 114 requires a response, Defendants restate their responses to the allegations contained in Paragraphs 1 – 113 of this Answer to Amended Complaint.

115.

Paragraph 115 contains a legal conclusion that does not require a response. However, out of an abundance of caution, Paragraph 115 is denied except to admit that Plaintiffs assert claims for legal malpractice against Defendants.

116.

Paragraph 116 is denied as written.

117.

Paragraph 117 is denied.

118.

Paragraph 118 is denied.

119.

Paragraph 119 is denied.

## **Affirmative Defenses**

Further answering, Defendants assert the following affirmative defenses:

120.

Plaintiffs' damages, if any, were caused by Plaintiffs' own fault and negligence, and/or the fault and negligence of other individuals or entities for whom Defendants are not legally responsible.

121.

The Amended Complaint fails to state a claim upon which relief can be granted.

122.

Plaintiffs' claims are barred by any and all applicable prescriptive periods, peremptive periods, statutes of limitations and/or laches.

123.

Plaintiffs failed to mitigate their damages.

124.

Plaintiffs' claims are barred by estoppel.

125.

Defendants desire, and are entitled to, a trial by jury.

WHEREFORE, premises considered, Babcock Law Firm, L.L.C., Babcock Partners, L.L.C., Stephen Babcock, APLC, Timothy Stephen Babcock and Westport Insurance Company pray that after all due proceedings had, there be Judgment in their favor, dismissing the claims of the Plaintiffs at Plaintiffs' costs.

Babcock Law Firm, L.L.C., Babcock Partners, L.L.C., Stephen Babcock, APLC, Timothy Stephen Babcock and Westport Insurance Company further pray for a trial by jury on all issues, and for all other general and equitable relief.

ALLEN & GOOCH
A Law Corporation

s/ D. Paul Gardner, Jr.
JAMES H. GIBSON - 23171
D. PAUL GARDNER, JR. - 29872
2000 Kaliste Saloom Rd., Suite 400
Lafayette, LA 70508
P.O. Box 81129
Lafayette, LA 70509-1129
Tel: 337-291-1490
Fax: 337-291-1495
PaulGardner@AllenGooch.com
*Attorneys for Babcock Law Firm, L.L.C., Babcock Partners, L.L.C., Stephen Babcock, APLC, Timothy Stephen Babcock and Westport Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer to Amended Complaint was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Mr. J. Christopher Alexander, Sr. via the Court's electronic filing system.

Lafayette, Louisiana, this 14TH day of November, 2011.


s/ D. Paul Gardner, Jr.
D. PAUL GARDNER, JR.