UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FOREVER GREEN                                       CIVIL ACTION
ATHLETIC FIELDS, INC. et al

VERSUS                                              NO. 11-633-JJB-RLB

BABCOCK LAW FIRM, LLC et al

POST- HEARING ORDER

Before the Court is Defendants' Motion to Compel (R. Doc. 16), filed on July 25, 2012. Oral argument was held on July 23, 2013 at 10:00 a.m. in Courtroom 6 before Magistrate Judge Richard L. Bourgeois, Jr. (R. Doc. 33).

During oral argument, the parties confirmed that the categories of documents at issue have been listed as 12 separate items in Defendants' June 6, 2013 letter to Plaintiffs. With the parties' consent, that letter has been filed into the record.

A.    Item Nos. 1-2

Item nos. 1-2 concern written communications between the Kullman Firm and Tobolsky Law that concern the underlying litigation — *Dawson II*. The parties were unable to reach an agreement on these items. The Court will take Item nos. 1-2 under consideration and issue an order based on the arguments and memoranda of the parties.

B.    Item Nos. 3-8

Item nos. 3-8 concern invoices and billing records generated by the Kullman Firm and Tobolsky Law in the underlying litigation, *Charles C. Dawson and Kelli Dawson v. Forever Green Athletic Fields, Inc., David Ripka and Keith Day ("Dawson II")*, No. 547, 844, 19th

Judicial District Court, East Baton Rouge Parish, Louisiana. The parties explained that they agree the documents described by Item nos. 3-8 are either not subject to the attorney-client privilege or their content is sufficiently at issue in this case to constitute a waiver. Plaintiffs' counsel agreed to provide the documents responsive to Item nos. 3-8 to Defendants.

After the conference, the Court heard oral argument on the remaining categories of documents described in Item nos. 1-2 and 9-12.

### C. Item No. 9

Item no. 9 seeks attorney notes and drafts generated by the Kullman Firm in connection with *Dawson II*. The parties recognized that Item no. 9 covers a category of withheld documents identified by Eric Miller of the Kullman Firm in his declaration. (R. Doc. 16-3 at 1). Based on Mr. Miller's declaration, which describes the withheld documents only as "attorney notes and drafts," the parties were unable to provide the Court with a detailed description of their contents or any knowledgeable argument concerning their disclosure.

The Court has insufficient information in order to determine whether to compel the production of the documents covered under Item no. 9. For that reason,

**IT IS ORDERED** that Plaintiffs' counsel will obtain these documents from Mr. Miller and advise the Court and Defendants of the nature of their contents and the volume of such documents at the upcoming status conference scheduled for August 13, 2013 before Judge Bourgeois. The Court may order the documents be presented for an in-camera review.

### D. Item No. 10

The format and language of the request in Item no. 10 is the same as Item no. 9. It was taken from the declaration of Eric Miller but requests attorney notes and drafts from Tobolsky Law. Tobolsky Law provided a privilege log, instead of a categorized declaration, that lists each

document withheld as privileged. (R. Doc. 16-14 at 2-6). The Court's review of the privilege log doesn't identify any documents that may fall within the category of 'attorney notes and drafts,' with the exception of withheld document no. 130. Document no. 130 is described as an undated "Memo" written by Plaintiff Keith Day to William Tobolsky concerning the "Dawson claim of damages." (R. Doc. 16-3 at 6).

The Court has insufficient information in order to determine whether to compel the production of document no. 130. For that reason,

**IT IS ORDERED** that Plaintiffs' counsel will obtain the document from Mr. Miller and advise the Court and Defendants of the nature of its contents and the volume of the document at the upcoming status conference scheduled for August 13, 2013 before Judge Bourgeois. The Court may order the document be presented for an in-camera review.

### E. Item No. 11

The language of Item no. 11 — requesting "drafts and duplicates" from Mr. Miller — came directly from Mr. Miller's declaration. The parties were unable to reach an agreement on these items and the Court will take them under consideration and issue an order based on the arguments and memoranda of the parties.

### F. Item No. 12

Item no. 12 seeks "withdrawal documents/exhibits filed in camera by the Kullman Firm" in *Dawson II*. The parties recognized that Item no. 12 covers a category of withheld documents identified in Mr. Miller's declaration. (R. Doc. 16-3 at 1). Based on Mr. Miller's declaration, which describes the withheld documents only as "withdrawal documents/exhibits filed in camera with the court," the parties were unable to provide the Court with a detailed description of their contents or any knowledgeable argument concerning their disclosure. It is unclear whether Item

3

Case 3:11-cv-00633-JJB-RLB   Document 35   07/24/13   Page 3 of 4

no. 12 includes any documents that (1) may also be responsive to Item nos. 1-8, (2) are privileged, or (3) were privileged but are now discoverable due to waiver.

The Court has insufficient information in order to determine whether to compel the production of the documents covered under Item no. 12. Plaintiffs' counsel informed the Court that these documents should be part of what he was provided from Mr. Miller. For that reason,

**IT IS ORDERED** that Plaintiffs' counsel will review the documents and advise the Court and Defendants of the nature of their contents at the upcoming status conference scheduled for August 13, 2013 before Judge Bourgeois. The Court may order the documents be presented for an in-camera review.

Signed in Baton Rouge, Louisiana, on July 23, 2013.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**