UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FOREVER GREEN ATHLETIC FIELDS, INC., et al** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-633-JJB-RLB** |
| **BABCOCK LAW FIRM, L.L.C., et al** | |

## ORDER

Before the Court is Defendants' Motion to Compel (R. Doc. 46), filed on October 9, 2013. Defendants seek to compel Plaintiffs to produce documents in their client-file "maintained" by William Tobolsky, their corporate attorney, which are relevant to Plaintiffs' legal malpractice claim. (Defs.' 2d Req. for Produc. No. 1, R. Doc. 46-4 at 7).[1] Among the documents sought are: "All attorney notes and drafts generated by Tobolsky Law that relate to the [underlying litigation]." (Item No. 10, R. Doc. 34 at 4).[2]

During discovery, Tobolsky submitted a privilege log. (R. Doc. 16-3 at 2-6). The Tobolsky Privilege Log briefly describes 144 documents in Tobolsky's file generated during his representation of Plaintiffs in the underlying litigation (R. Doc. 16-3 at 2-6). Plaintiffs claim the 144 documents are either protected as work product or subject to the attorney-privilege.[3] The

---

[1] William Tobolsky does not represent Plaintiffs, nor is he otherwise involved, in this litigation.

[2] The "underlying litigation" gave rise to Plaintiffs' current legal malpractice claim against Defendants.

[3] The Tobolsky Privilege Log was originally created in connection with Defendants' Rule 45 subpoena served upon non-party Tobolsky and Defendants' subsequent Motion to Compel, filed against Tobolsky and others (R. Doc. 16). The Court denied Defendants' first Motion to Compel on procedural grounds. (R. Doc. 43). Nonetheless, the Tobolsky Privilege Log remains relevant, as Defendants later requested those same documents directly from

Court's review of the privilege log doesn't identify any documents that may fall within the category of 'attorney notes and drafts,' with the exception of withheld document no. 130. Document no. 130 is described as an undated "Memo" written by Plaintiff Keith Day to William Tobolsky concerning the "Dawson claim of damages." (R. Doc. 16-3 at 6). This description of document No. 130 is insufficient for the Court to determine what privileges, if any, it might be subject to and/or whether its production should be compelled.

Plaintiffs have previously informed the Court that Document no. 130 is still in Tobolsky's possession. Nonetheless, Plaintiffs are still in control of the document. *See Richardson v. Glickman*, No. 95-1954, 1997 WL 382048, at *3 (E.D. La. June 27, 1997) (respondent required to produce documents in the possession of his attorney because: "Control, not possession is the determining factor of whether a person is required to produce documents."); *S.E.C. v. Levy*, 706 F. Supp. 61, 67 (D.D.C. 1989) ("[T]his court ordered defendant to produce all documents responsive to plaintiff's first request for production of documents that were in his possession, custody, and control, including those documents located at his present and former attorney's offices . . . ."); *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 501 (D. Md. 2000) ("Plaintiff asserts that documents in the possession, custody or control of a party's attorney or former attorney are within the party's 'control' for the purposes of Rule 34. This Court agrees."); *Triple Five of Minn., Inc.*, 212 F.R.D. 523, 527 (D. Minn. 2002) ("Clearly, Defendants have a legal right to the documents and the ability to obtain the documents from their tax attorneys."). For that reason,

---

Plaintiffs under Rule 34 (R. Doc. 46-4 at 7) and are now at issue in Defendants' current Motion to Compel (R. Doc. 46).

2

**IT IS ORDERED** that Plaintiffs shall obtain a copy of **Document no. 130** from William Tolbosky and present it to the Court for an **in-camera** review no later than **November 22, 2013**.

Signed in Baton Rouge, Louisiana, on November 12, 2013.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**