# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FOREVER GREEN ATHLETIC FIELDS, INC., KEITH DAY AND DAVID RIPKA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-633-JJB-RLB** |
| **BABCOCK LAW FIRM, LLC, AND STEPHEN BABCOCK, APLC, et al** | |

## RULING AND ORDER ON DEFENDANTS' MOTION TO COMPEL

Before the Court is Defendants' Motion to Compel (R. Doc. 58) Plaintiffs to supplement their Responses to Defendants' Interrogatory Nos. 4, 5 and 10, and Defendants' Request for Production Nos. 2, 3 and 7.  Additionally, Defendants move the Court for sanctions and reasonable expenses associated with their Motion to Compel. (R. Doc. 58 at 1).

## I.  BACKGROUND

Defendants served the requests at issue on March 19, 2012.  Plaintiffs responded on May 25, 2012 by objecting to each request, but nonetheless providing responses. On August 3, 2012, Defendants wrote a letter to Plaintiffs' counsel asking for supplemental responses to Interrogatory Nos. 4, 5 and 10, and Request for Production Nos. 2, 3 and 7.  Defendants' letter claimed these Responses were deficient to the extent they (1) described "to-be-identified"

categories of documents, or (2) promised to produce identified documents at a later time. (R. Doc. 28-30).[1]  According to Defendants, Plaintiffs failed to respond to the August 3, 2012 letter.

On April 9, 2014, Defendants' counsel emailed Plaintiffs' counsel about the August 3, 2012 letter requesting supplemental responses. (R. Doc. 58-2 at 31).  Having received no response to the April 9, 2014 email, Defendants' counsel emailed Plaintiffs again on April 14, 2014. (R. Doc. 58-2 at 35).  Later that day, Plaintiffs' counsel responded: "I have forwarded the request to my clients. Thank you." (R. Doc. 58-2 at 39).  According to Defendants: "On May 1, 2014, Plaintiffs' counsel advised that he had received documents from his clients that would be forwarded." (R. Doc. 58 at 13).  On May 9, 2014, Plaintiffs supplemented their Response to Interrogatory No. 5 with a more detailed itemization of their damages. (R. Doc. 58-2 at 46-50).  This supplement, Defendants claim, has been "the only 'evidence' produced" in response to their August 3, 2012 letter.  "None of the 'to-be-identified' documents have been produced to date." (R. Doc. 58 at 14).

On May 12, 2014, with the June 30, 2014 fact-discovery deadline approaching (R. Doc. 55), Defendants filed their Motion to Compel.  Local Rule 7.4 required that any response by Plaintiffs be filed within 21 days of service of Defendants' Motion.  Rule 6(d) of the Federal Rules of Civil Procedure extended that period by 3 days — making Plaintiffs' response due by June 5, 2014.  Plaintiffs failed to respond in time, and Defendants' Motion is deemed unopposed.

## II.   DISCUSSION

### A.     Interrogatory No. 4 and Requests for Production No. 2

Defendants' Interrogatory No. 4 and Request for Production No. 2 ask Plaintiffs to identify and produce "all physical, documentary and/or demonstrative evidence" they may use at

---

[1] Defendants' letter (R. Doc. 58-2 at 28-30) specifically listed each portion of Plaintiffs' Responses to Interrogatory Nos. 4, 5 and 10, and Request for Production Nos. 2, 3 and 7 that Defendants found inadequate.

trial. (R. Doc. 58-2 at 6, 8).  Plaintiffs Responses described 14 categories of either identified or "to-be-identified" documents (R. Doc. 58 at 4-5), and included a detailed list of the identified documents within those categories that were actually being produced.  Plaintiffs also explained they were "continuing to compile certain records identified" in their Responses and would "provide supplemental and amending responses" once they obtained the information. (R. Doc. 58 at 6).  Defendants' August 3, 2012 letter advised Plaintiffs that their Responses were deficient as they have not provided any supplemental discovery responsive to Interrogatory No. 4 and Request for Production No. 2, as promised.  To date, Plaintiffs have not supplemented these Responses.  Plaintiffs have likewise not raised any objections to Defendants' August 2, 2012 letter or this Motion to Compel.  Plaintiffs have had ample time to identify and compile the information promised in their original Responses. Moreover, the deadline for completing fact discovery is June 30, 2014.  Considering those factors,

Plaintiffs are **ORDERED** to **supplement** their Responses to Interrogatory No. 4 and Request for Production No. 2 by identifying and providing all of the responsive information requested in Defendants' August 3, 2012 letter.  Plaintiffs **must provide** their supplemental responses to Defendants **no later than June 19, 2014**.  Any **failure to comply** with this Order will result in **sanctions** that may include, among other things, an inability to present any such non-disclosed evidence at trial.

### B.  Interrogatory No. 5 and Request for Production No. 3

Defendants' Interrogatory No. 5 and Request for Production No. 3 ask Plaintiffs to identify and provide documentation supporting each item of damages alleged and its dollar "amount when applicable." (R. Doc. 58-2 at 6, 8).  Plaintiffs objected but nonetheless identified some items of damages and provided some documents in their original Response and May 9,

2014 supplement, which again promised to provide supplemental information that Plaintiffs were "in the process of compiling." (R. Doc. 58 at 9).  After not receiving supplemental discovery, Defendants requested in their August 3, 2012 letter that Plaintiffs provide documents related to 7 items of damages listed in their initial Responses. (R. Doc. 58-2 at 29).  According to Defendants' Motion to Compel, "to date, no data, financial documentation or other evidence supporting Forever Green's damages have been produced."

Plaintiffs originally objected to the requests as premature because much of the responsive information will be set forth by their financial experts. (R. Doc. 58 at 8).  However, Plaintiffs are able to calculate the more concrete categories of their damages — e.g., Direct Costs incurred post 10/1/2006 and total fees paid to Eric Miller and Chris Alexander — down to the penny.  In particular, Plaintiff Keith Day provided detailed and exact calculations for several categories of "Direct Costs" being claimed by Plaintiffs. (R. Doc. 58-2 at 47).  These "Direct Costs" and other concrete amounts depend on financial records that already exist and do not require expert analysis.  In other words, Plaintiffs' objection does not justify their failure to provide this discovery.[2]  And so, providing the supplemental documents relevant to these concrete categories, as requested in Defendants' August 3, 2012 letter, will not require Plaintiffs to prematurely comply with any of their expert-related deadlines.

Other categories of Plaintiffs' damages, however, appear to be less concrete, such as "Loss [sic] Profits due to [the] distraction of [the] *Dawson* case." (R. Doc. 58-1 at 7).  The exact amount of these damages, and the analysis or method used for their calculations, might reasonably require expert analysis.  Therefore,

---

[2] Moreover, Plaintiffs were obligated to provide a "computation of each category" of their alleged damages and to "make available for inspection and copying as under Rule 34 the documents . . . on which each computation is based" since the time initial disclosures were exchanged. Fed. R. Civ. P. 26(a)(1)(A)(iii).

Plaintiffs are **ORDERED** to **supplement** their Responses to Interrogatory No. 5 and Request for Production No. 3 by providing all of the responsive information and documents reflecting Plaintiffs' damages, as identified and requested in Defendants' August 3, 2012 letter. However, to the extent any of the responsive discovery does not already exist and requires expert analysis, that discovery must be produced within the appropriate expert discovery deadlines.

Plaintiffs **must provide** their supplemental responses to Defendants **no later than June 19, 2014**. Plaintiffs' supplemental responses should indicate any categories of responsive discovery not being disclosed on the basis that it is only the subject of expert testimony and will therefore be produced according to those applicable deadlines.

Any **failure to comply** with this Order will result in **sanctions** that may include, among other things, an inability to present any such non-disclosed evidence at trial.

### C.      Interrogatory No. 10 and Request for Production No. 7

Finally, Interrogatory No. 10 and Request for Production No. 7 ask that Plaintiffs identify and produce all communications they had with Defendants. (R. Doc. 58-2 at 7-8). Plaintiffs objected, but still responded by claiming they were compiling the requested information and would supplement their Responses once the information was compiled. (R. Doc. 58 at 9). On August 3, 2012, Defendants requested that Plaintiffs supplement their Responses with any documented communications that have not otherwise been produced. (R. Doc. 58-2 at 29). Defendants claim as of the filing of their Motion that Plaintiffs have not produced any of the requested supplemental documents. Therefore,

Plaintiffs are **ORDERED** to **supplement** their Responses to Interrogatory No. 10 and Request for Production No. 7 by providing all of the responsive documents requested in Defendants' August 3, 2012 letter. Plaintiffs **must provide** their supplemental responses to

5

Defendants **no later than June 19, 2014**.  Any **failure to comply** with this Order will result in **sanctions** that may include, among other things, an inability to present any such non-disclosed evidence at trial.

      **D.**    **Reasonable Expenses**

Defendants request an award of "reasonable expenses incurred in bringing this motion." (R. Doc. 58 at 1).  When a motion to compel is granted, Rule 37(5)(A) of the Federal Rules of Civil Procedure provides that "the court must, after giving an opportunity to be heard, require the party or the deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless certain exceptions apply.  Because the Court has granted Defendants' Motion to Compel and no exceptions apply, Defendants are entitled to an award of "reasonable expenses incurred" in making their Motion. However, Defendants' Motion did not include an affidavit of reasonable expenses, including attorney's fees, which deprived Plaintiffs of an opportunity to respond.  Therefore,

Defendants are **ORDERED** to file an **affidavit** of reasonable expenses incurred in bringing this Motion, including attorney's fees, **no later than June 19, 2014**; and

Plaintiffs **may** submit a **response** to Defendants' affidavit within **7 days** of its filing. Plaintiffs' response shall be limited to the reasonableness of the amount of fees requested.

**III.**    **CONCLUSION**

Defendants' Motion to Compel (R. Doc. 58) is **GRANTED**.  Plaintiff is ordered to produce the outstanding discovery as set forth above **no later than June 19, 2014**.

Signed in Baton Rouge, Louisiana, on June 12, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

6