

ALLEN & GOOCH — A LAW CORPORATION

May 9, 2014

Mr. J. Christopher Alexander, Sr.  
Law Office of J. Christopher Alexander, Sr., LLC  
3751 Government Street, Ste A  
Baton Rouge, LA 70806

*Via E-Mail and Certified Mail*  
*70121640000092052454*  
*Return Receipt Requested*

Re: Forever Green Athletic Fields, Inc., et al v. Babcock Law Firm, LLC, et al  
US District Court for the Middle District of Louisiana  
Docket No. 11-CV-00633-JJB-DLD

Dear Chris:

Enclosed herewith please find Interrogatories and Request for Production of Documents directed to plaintiffs, propounded by defendants, Babcock Law Firm, L.L.C., Babcock Partners, L.L.C., Stephen Babcock, APLC, Timothy Stephen Babcock and Westport Insurance Corporation (collectively "Defendants"), for your clients to answer within the delays allowed by law, in connection with the above captioned matter.

With kind regards, I remain

Very truly yours,

James H. Gibson  
D. Paul Gardner  
Direct Dial # 337-291-1490  
Direct Fax # 337-291-1495  
Email: PaulGardner@allengooch.com

Enclosures

EXHIBIT 2

UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA (Baton Rouge)

| | |
|---|---|
| FOREVER GREEN ATHLETIC FIELDS, INC., KEITH DAY, AND DAVID RIPKA<br>*Plaintiffs* | CASE NO.: 3:11-cv-00633-JJB-DLD |
| VERSUS | JUDGE JAMES J. BRADY |
| BABCOCK LAW FIRM, LLC, BABCOCK PARTNERS, LLC, STEPHEN BABCOCK, APLC, TIMOTHY STEPHEN BABCOCK, ESQ., AND WESTPORT INSURANCE CORPORATION<br>*Defendants* | MAGISTRATE JUDGE RICHARD L. BOURGEOIS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS REGARDING EXPERTS**

**TO:**   FOREVER GREEN ATHLETIC FIELDS, INC.,
KEITH DAY and DAVID RIPKA
Through their attorney of record
Mr. J. Christopher Alexander, Sr.
Law Office of J. Christopher Alexander, Sr., LLC
3751 Government Street, Ste. A
Baton Rouge, LA 70806

Please take notice that you are hereby notified and required to answer separately, fully, in writing and under oath, the following Interrogatories and Requests for Production of Documents and to serve your answers thereto upon D. Paul Gardner, Jr., P.O. Box 81129, Lafayette, Louisiana, 70598-1129, within thirty (30) days of service thereof, in accordance with the provisions of the Federal Rules of Civil Procedure, and these Interrogatories and Requests for Production of Documents shall be deemed continuing:

### **INSTRUCTIONS FOR USE**

A.   All information is to be divulged which is in the possession of the individual or corporate party, attorneys, investigators, agents, employees or other representatives of the named party and attorney.

B.   Where an individual Interrogatory or Request calls for an answer which involves more than one part, each part of the answer should be clearly set out so that it is understandable.

C.   Where the terms "you," "plaintiff," or "defendant" are used, they are meant to include every individual party and separate answers should be given for each person named as a party to whom these requests are addressed.

D.   Where the term "occurrence" is used, it is meant to mean the incident which is the basis of this lawsuit, unless otherwise specified.

**EXHIBIT 2**

E. The documents and things requested herein are to be made available for inspection and copying by undersigned counsel within thirty (30) days of service hereof, or are to be served on counsel along with any objections.

F. Each document which is required to be produced pursuant to this document request shall be produced in and with the file folder and other documents (e.g., envelope, file cabinet marker, etc.) in which such document was located when this document request was served.

G. Documents responsive to this request shall be produced in the condition and order or arrangement in which they existed when this document request was served, and shall not be shuffled or otherwise rearranged when produced.

H. The production requests contained herein are continuing in character. Consequently, you are requested to supplement your response promptly if and when you obtain relevant information or documents in addition to or in any way inconsistent with your initial answers to any discovery request.

I. If you object to or otherwise decline to answer any portion of a production request, provide all information called for by that portion of the production request to which you do not object to or which you do not decline to answer or respond to.

   1. If you object to a production request on the ground that it is too broad (i.e., that it calls for information which is relevant to the subject matter of the action and information which is not), provide the information which is relevant. For those portions of a production request to which you object or otherwise decline to answer, state the reason for such objection or declination.

   2. If you object to a production request on the ground that to provide the documents would constitute an undue burden, provide as much of the requested information as can be supplied without undertaking an undue burden. For those portions of a production request to which you object or otherwise decline to answer, state the reason for such objection or declination.

   3. If you should claim that any response to a production request called for herein is privileged or otherwise non-discoverable, you must identify such document in a separate schedule (privilege log) to be furnished along with your response to these discovery requests. Such schedule shall include with respect to each such document:

      (i) the date of the document,

      (ii) its author,

      (iii) the person(s) who received or viewed the document or any copies,

      (iv) the nature of the document (i.e., letter, memorandum, etc.), and

      (v) the specific privilege claimed and the basis for such claim, or other reason the document is asserted to be non-discoverable.

J. In the event that any document requested herein has been lost or destroyed, that document shall be identified by author(s), addressee(s), date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, all persons who had custody of each document, date of loss or destruction and the name and title of the person responsible for the loss or destruction.

**DEFINITIONS**

EXHIBIT 2

For purposes of this written discovery the list of definitions below shall apply to be used by the person responding to these requests for production of documents.

A. **"Communication"** is a transmission from one person to another or in the presence of another, whether written or oral, telephonic, electronic, or by any other means.

B. **"Defendants"** shall mean BABCOCK LAW FIRM, L.L.C., BABCOCK PARTNERS, L.L.C., STEPHEN BABCOCK, APLC, and/or TIMOTHY STEPHEN BABCOCK, and their employees, officers, directors, agents, contractors, or any other representatives.

C. **"Describe"** or **"specify"** means the following unless additional information is requested in a given Request:

   1. Describe fully and in detail by reference to underlying facts rather than reference to ultimate facts or conclusions of fact or law;

   2. Where applicable, particularize as to (i) time, (ii) place, and (iii) manner;

   3. When one or more persons are involved in the activity or action described, identify said person; and

   4. Set forth all relevant facts necessary to the complete understanding of the act, process, event, or thing in question.

D. As used herein, the terms **"document"** and **"documents"** shall be used in their broadest sense and shall mean and include all written, printed, typed, recorded, electronic or graphic matter of every kind and nature, whether an original or a copy, including all attachments and appendices thereto. Without limiting the foregoing, the terms "document" and "documents" shall include all agreements, contracts (meaning the written reflection of terms of an agreement), communications, correspondence, business or other plans, letters, hand or typewritten notes, telegrams, telexes, messages, memoranda, reports, books, summaries or other records of meetings, conferences or interviews (whether the same was in person, by telephone, by electronic means, or otherwise), summaries or other records of personal conversations (whether in person, by telephone, by electronic means, or otherwise), minutes or summaries of other records of negotiation, web pages, contents of your website, discussions or communications, other summaries, diaries, diary entries, phone messages, document drafts, calendars, appointment books, visitor records, time records, instructions, work assignments, forecasts, statistical data, statistical statements, financial statements, worksheets, workpapers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, telephone bills or records, bills, statements, invoices, receipts, cancelled checks, bank statements, lists, envelopes or folders or similar containers, notes, notices, marginal notations, notebooks, records of obligations and expenditure, lists, journals, recommendations, files, printouts, compilations, tabulations, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, microfilm, microfiche, articles, tape or disk recordings, sound recordings, video recordings, film, tape, photographs, punch cards, programs, data compilation from which information can be obtained, including matter in data processing and other printed, written, handwritten, recorded, stenographic, computer generated, computer stored or electronically stored matter however and by whomever produced, prepared and reproduced, disseminated or made. The terms "document" and "documents" shall include all copies of documents by whatever means made, except that where a document is identified or produced, identical copies thereof which do not contain any markings, additions or deletions different from the original need not be separately identified or produced. "Document" or "documents" means and includes all matter within the foregoing description that is in your possession, control or custody, or in the control or custody of any of your attorneys, agents, consultants, certified public accountant, or other representatives. Without limiting the term "control", a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to

EXHIBIT 2

secure the document or copy thereof from any person or public or private entity having physical possession thereof.

E. **"Identify"** or **"identify and describe,"** or any variation thereof, means the following unless additional information is requested in a given request:

1. With respect to a **"Natural Person,"** the person's full name, present employer, title, job description, business and home addresses and telephone numbers, and his relationship with the adverse party;

2. With respect to a **"Business Entity,"** include its name, its address (all business addresses), its principal place of business, its date and place of incorporation, if applicable, the nature or form of the organization (*e.g.*, corporation, limited partnership, joint venture, etc.), and its chief executive officer;

3. With respect to a **"Document"**, state its title, author, addressee, recipient, date, subject matter or general nature, form of the document (i.e., letter, telegram, teletype, written memorandum, or any other form) present location and custodian. Such documents should be so identified whether or not such documents are in your possession or the possession of your counsel and whether or not the document is claimed to be privileged. In lieu of identifying any documents, copies thereof may be attached and referenced as exhibits to your answers;

4. With respect to **"Oral Statements," "Written Statements"** or **"Communications,"** state the maker, recipient, when made, where made, the persons present when the communication was made, the mode of the communication (*i.e.*, telephone conversation, face-to-face discussion, or any other mode of communication, verbal or otherwise), and the subject matter, substance, content and date of the communication; and

5. With respect to a meeting, conference, conversation or discussion, state its place, date, the individuals present, including their business affiliations and titles, the subject matter discussed, the substance and content of any discussion, whether any documents describing, reflecting or referring to such a meeting exist or ever existed, and the identifying data relating to such documents.

F. **"Person"** means the plural as well as the singular and includes, without limitation, any natural person as well as any firm, corporation, unincorporated association, partnership or other form of legal entity unless the context clearly indicates otherwise.

G. The **"Petition"** shall mean the *Petition for Damages*.

H. **"Plaintiffs"** shall mean FOREVER GREEN ATHLETIC FIELDS, INC., KEITH DAY or DAVID RIPKA and your employees, officers, directors, agents, contractors, or any other representatives.

I. The term **"you"** or **"your"** refers to FOREVER GREEN ATHLETIC FIELDS, INC., KEITH DAY or DAVID RIPKA and your attorneys, employees, officers, directors, agents, contractors, or any other representatives.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

For each expert that you have identified in this matter (*i.e.*, Glenn A. Thibodeaux, Stanley Arthur Spring, Lee Herrington), state **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them; **(ii)** the facts or data considered by the witness in

4

**EXHIBIT 2**

forming them; **(iii)** any exhibits that will be used to summarize or support them; **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years; **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and **(vi)** a statement of the compensation to be paid for the study and testimony in the case.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO.: 1:**

Produce any and all documents identified in your response to Interrogatory No. 1.

Respectfully submitted,

**ALLEN & GOOCH**

_____
JAMES H. GIBSON, #14285
D. PAUL GARDNER, JR., # 29872
2000 Kaliste Saloom Rd., Suite 400 (70508)
P.O. Box 81129
Lafayette, LA 70509-1129
Phone: 337-291-1490
Fax: 337-291-1495
*Attorneys for Babcock Law Firm, L.L.C., Babcock Partners, L.L.C., Stephen Babcock, APLC, Timothy Stephen Babcock and Westport Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing instrument has this day been served on all parties through their counsel of record in this proceeding by:

( )  Hand Delivery     ( X )  Prepaid U.S. Mail CMRR     ( x )  Email

( )  Facsimile         ( )    Overnight Mail Service

Lafayette, Louisiana, this 9th day of May, 2014.

_____
D. PAUL GARDNER, JR.

5

EXHIBIT 2

# U.S. Postal Service™
# CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | 3.30 |
| Return Receipt Fee (Endorsement Required) | 2.70 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.69 Forever Green |

Postmark Here — MAY 09 2014 USPS DPG

7012 1640 0000 9205 2454

Sent To: Chris Alexander
Street, Apt. No.; or PO Box No.: 3751 Government St A
City, State, ZIP+4: Baton Rouge LA 70806

PS Form 3800, August 2006          See Reverse for Instructions

cv-00... EXHIBIT 2  06/17/14

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by (Printed Name): Cara Hogrocur
C. Date of Delivery:

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

EXHIBIT 2

1. Article Addressed to:

Chris Alexander
3751 Government St
Ste A
Baton Rouge LA 70806

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label): 7012 1640 0000 9205 2454

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540