UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FOREVER GREEN ATHLETIC FIELDS, INC, et al.**

**VERSUS**

**BABCOCK LAW FIRM, LLC, et al.**

**CIVIL ACTION**

**NO. 11-633-JJB-RLB**

# ORDER

Before the Court is Defendants' Motion to Compel (R. Doc. 68) Plaintiffs' responses to Defendants' April 28, 2014 (R. Doc. 68-2) and May 9, 2014 (R. Doc. 68-3) discovery requests. Both parties presented arguments on the Motion during the Court's July 2, 2014 discovery-related hearing. (R. Doc. 69).

On June 12, 2014, Defendants' counsel e-mailed counsel for Plaintiffs after not receiving any responses to their discovery requests. In that e-mail, Defendants counsel advised Plaintiffs to provide "full and complete responses . . . by **Monday, June 16, 2014** or [Defendants] will proceed with filing additional motions to compel in this matter. Consider this my good faith attempt to confer with you under F.R.C.P. 37(a)(1)." (R. Doc. 68-4).

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

Defendants made a single attempt, through e-mail, to contact Plaintiffs' counsel before filing their Motion to Compel. Defendants' June 12, 2014 e-mail is insufficient to comply with the meet-and-confer requirements of Rule 37(a)(1). *See Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001) (Rule 37(a)(1)'s meet-and-confer "prerequisite is not an empty formality" and "cannot be satisfied by including with the motion copies of correspondence that discuss the discovery at issue"); *Dimitric v. Tex. A & M Univ.*, No. 06-107, 2007 WL 1090982, at *1 (S.D. Tex. April 9, 2007) ("Prior to filing this Motion, Dimitric did not confer, except through an [e-mail], with defense counsel . . . . For this reason, alone, his Motion should be denied."); *Antonis v. Elecs. for Imaging, Inc.*, No. 07-163, 2008 WL 169955, at *1 (D.N.H. Jan. 16, 2008) ("[A]s a general principle, simply reiterating demands for production in a series of emails probably does not meet the requirement that the parties confer in good faith about discovery issues before invoking judicial remedies.").

Moreover, Defendants' efforts were not made in good faith where their e-mail did not even invite a response — "Consider this my good faith attempt to confer . . . ." (R. Doc. 68-4 at 1). *See Robinson v. Napolitano*, No. 08-4084, 2009 WL 1586959, at *3 (D.S.D. June 4, 2009) ("Nor is the meet-and-confer requirement satisfied by the sending of a letter that indicated that a motion to compel would be filed if the opposing party did not comply with discovery requests.").

This case's procedural history and its ongoing discovery disputes do not give Defendants license to dispense with the requirements of Rule 37(a)(1). And their failure warrants denial of this Motion to Compel. *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) ("Because Robinson cannot show the parties attempted to confer in good faith to resolve the discovery request, the district court did not abuse its discretion in denying the motion."); *Aponte-Navedo v. Nalco Chemical Co.*, 268 F.R.D. 31, 41 (D.P.R. 2010) ("Thus, plaintiffs' failure to comply with

the meet and confer requirements constitutes sufficient reason to deny the motion to compel.").

For this reason,

**IT IS ORDERED** that Defendants' Motion to Compel (R. Doc. 68) is **DENIED.**

Signed in Baton Rouge, Louisiana, on July 2, 2014.

                                          _____
                                          **RICHARD L. BOURGEOIS, JR.**
                                          **UNITED STATES MAGISTRATE JUDGE**