**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FOREVER GREEN ATHLETIC FIELDS, INC, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-633-JJB-RLB** |
| **BABCOCK LAW FIRM, LLC, et al.** | |

**RULING ON DEFENDANTS' MOTION TO STRIKE**

Before the Court is Defendants' Motion to Strike Plaintiffs' Expert Witnesses (R. Doc. 66), filed on June 12, 2014. Plaintiffs' response was due by July 9, 2014. At the Court's July 2, 2014 hearing on this and other pending motions, Plaintiffs' counsel indicated that he did intend to respond to Defendants' Motion to Strike. (R. Doc. 73). Plaintiffs later filed an untimely response on July 16, 2014. (R. Doc. 76). At the Court's invitation (R. Doc. 79), Defendants filed a Reply (R. Doc. 80) in support of their Motion.

The Court's Scheduling Order (R. Doc. 51) required Plaintiffs to identify their expert witnesses by May 5, 2014 and to provide expert reports by June 2, 2014. On May 6, 2014, one day past the deadlines, Plaintiffs identified the following experts: Glenn A. Thibodeaux, CPA; Stanley Arthur Springer, Esq.; and Leo Herrington, Jr., Esq. Plaintiffs, however, failed to provide any of their experts' reports within the June 2, 2014 deadline. Defendants then moved to strike Plaintiffs' expert witnesses. As of this Order, the record shows that Plaintiffs have still failed to produce any expert reports to Defendants. (R. Doc. 80).

I.  **APPLICABLE LAW**

Collectively, the provisions of Rule 26 of the Federal Rules of Civil Procedure require parties to identify their expert witnesses, and disclose their experts' reports. Fed. R. Civ. P. 26(a)(2) (requiring disclosure of identity and written reports of expert witnesses). In the absence of a court-issued scheduling order, Rule 26(a)(3)(B) provides default deadlines for the parties to make these disclosures. However, where the court does issue a scheduling order, that scheduling order, and not Rule 26(a)(3)(b)'s default deadlines, controls.

Under Rule 37(c)(1), if a party fails to provide expert disclosures within the established deadlines, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." To be clear, the exclusion "is mandatory and automatic unless the party demonstrates substantial justification or harmlessness." *Red Dot Bldgs. v. Jacob Technology, Inc.*, 2012 WL 2061904, at *3 (E.D. La. June 7, 2012); *see also Lampe Berger USA, Inc. v. Scentier, Inc.*, 2008 WL 3386716, at *2 (M.D. La. Aug. 8, 2008) (noting that exclusion of non-disclosed expert testimony is automatic and mandatory unless the party can show substantial justification or harmlessness); *Moore v. BASF Corp.*, 2012 WL 4344583, at *4 (E.D. La. Sept. 21, 2012) (a party is not excused from its Rule 26 obligations "because it has not fully investigated the case") (quoting Fed. R. Civ. P. 26(a)(1)(E)).[1]

---

[1] When determining whether to strike evidence, including expert witnesses, under Rule 37(c)(1), trial courts should look to the same four factors articulated by the Fifth Circuit to determine whether good cause exists to modify a scheduling order under Rule 16 for guidance:

    (1) the explanation, if any, for the party's failure to comply with the discovery order;
    (2) the prejudice to the opposing party of allowing the witnesses to testify;
    (3) the possibility of curing such prejudice by granting a continuance; and
    (4) the importance of the witnesses' testimony.

*Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

## II. DISCUSSION

During the three years this litigation has been pending, the parties have moved the Court to intervene and resolve numerous discovery disputes. (R. Docs. 12, 16, 39, 41, 46, 53, 58, 59, 64, 66, 68, 70, 72). Many of these disputes stem from Plaintiffs'[2] consistent failure to comply with their discovery obligations; the Court's discovery orders; or the Scheduling Order, which has seen numerous amendments at the parties' requests.[3] In this latest discovery issue, Plaintiffs have failed to provide their expert reports by the June 2, 2014 deadline. It has been almost two months since that deadline expired, and still, Plaintiffs have not provided expert reports to Defendants. (R. Doc. 80). The only explanation offered by Plaintiffs in their late-filed Opposition is this: "Plaintiffs' experts were late-designated in part because the parties are continuing to move forward with discovery while seeking a continuance of this matter's upcoming trial. Further, and because discovery . . . continues to be ongoing, Plaintiffs' experts have not yet created written reports." (R. Doc. 76 at 2).

In other instances, the problems created by unresolved, prolonged, discovery disputes may be a sufficient reason to miss an expert report deadline. However, it is not here. Discovery is still ongoing because Plaintiffs have consistently failed to produce documents that have been requested by Defendants and ordered to be produced by the Court. (R. Docs. 39, 53, 58, 59, 64, 66, 68, 70, 72). These documents mostly concern Plaintiffs' alleged monetary losses and certain documents relevant to their corporate-counsel, William Tobolsky. (R. Doc. 73). Most importantly, these documents are uniquely in the possession or control of Plaintiffs. The Court

---

[2] The majority of the discovery disputes brought before the Court, whether by motion or by request for a phone conference, have concerned Plaintiffs' conduct during discovery. (R. Docs. 39, 53, 58, 59, 64, 66, 68, 70, 72).

[3] The parties have filed 7 formal requests to amend the Court's Scheduling Order. (R. Docs. 14, 22, 24, 27, 54, 56, 64). So far in this litigation, the Court has issued 9 amendments to its original Scheduling Order. (R. Docs. 15, 23, 26, 30, 37, 45, 51, 55, 81).

3

will not accept that Plaintiffs cannot provide their experts with the facts or data necessary to draft reports because of ongoing discovery, when discovery is only "*ongoing*" because Plaintiffs have failed to comply with Orders to produce documents in their possession or control.

Despite their excusable neglect argument, Plaintiffs have simply failed to exercise diligence and provide the necessary facts or data, which Plaintiffs already possess or control, to their experts in a timely manner. In fact, much of the discovery disputes referred to by Plaintiffs have not been resolved as of this Order; even still, Plaintiffs indicated that after the July 2, 2014 hearing they "provided the full slate of materials unto Glenn A. Thibodeaux and Stanley Arthur Springer . . . and those experts are now moving forward with creation of reports which will, of course, be provided unto the Defendants immediately upon receipt." (R. Doc. 76 at 3). This statement does not indicate that Plaintiffs were awaiting certain materials *from Defendants* in discovery, or otherwise hamstrung as a result of their opponent's discovery conduct. Instead, it is clear that Plaintiffs could have provided "the full slate of materials" to its experts in time to meets the Scheduling Order's deadlines. Based on the circumstances, Plaintiffs have not succeeded in establishing excusable neglect.

Plaintiffs have likewise not shown that their conduct was harmless, or that it did not result in any prejudice to Defendants. Plaintiffs claim that Defendants will not be prejudiced by an untimely report from its legal expert, Leo Herrington, Jr., because his deposition was taken in mid-July. (R. Doc. 76 at 3). However, Mr. Herrington informed the Court earlier, on July 2, 2014, that he has not been retained as an expert witness by Plaintiffs, will not agree to be an expert witness, and will not be producing any expert report. (R. Doc. 73). Defendants have consistently verified that Mr. Herrington's representation of his status as an expert witness has not changed since the Court's July 2, 2014 hearing. (R. Doc. 80). Based on these

4

representations, it seems an expert report written by Mr. Herrington will not be produced, late or otherwise. Aside from Mr. Herrington, Plaintiffs offer little to no argument that Defendants will not be prejudiced by the late disclosure of their other experts' reports.

Defendants, however, have established that Plaintiffs' conduct was prejudicial. According to their Motion, Defendants' own experts, their financial expert in particular, were unable to provide comprehensive reports as a result of Plaintiffs' noncompliance during discovery. Clearly, Defendants have already been prejudiced in their own ability to offer expert testimony. And the Court finds that allowing Plaintiffs to provide expert witnesses at such a late date would only compound the prejudice already created by Plaintiffs' conduct.

Should the Court find any unexcused neglect or harm resulting from their conduct, Plaintiffs suggest it is outweighed by the importance of their need for expert witnesses. Specifically Plaintiffs contend that because their non-disclosure concerns expert witnesses, it should be overlooked regardless of whether excusable neglect or harmlessness exists, because "the importance of the testimony can and *does* override this consideration." (R. Doc. 76 at 1) (emphasis added). Plaintiffs are incorrect. If that were the case, parties could freely ignore a court's mandatory expert disclosure deadlines without consequence or regard to any prejudice resulting to their opponent. Expert disclosure deadlines would essentially be useless. *Bilbe v. Belsom*, 530 F.3d 314, 317 (5th Cir. 2008) (Appellate courts "afford district courts a great deal of deference in determining whether to modify scheduling orders, especially where, as here, the record suggests that the movant repeatedly demonstrated a lack of diligence."); *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009) (Even if a party establishes excusable neglect, "the court still has the inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly fashion."). And contrary to Plaintiffs' suggestion,

5

the claimed importance of their experts' reports does little more than underscore their need to comply with the Court's expert disclosure deadlines. *See Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990) ("The claimed importance of expert testimony underscores the need for Geiserman to have timely designated his expert witness so that Attorney could prepare for trial."); *Rosario v. Livaditis*, 963 F.2d 1013, 1019 (7th Cir. 1992) ("A party who fails to pursue discovery in the face of a court ordered cut-off cannot plead prejudice from his own inaction.").

Alternatively, Plaintiffs suggest that any prejudice can be cured if the Court simply extend the trial date. However, the Court has already denied (R. Doc. 81) Defendants' Motion to Continue the trial (R. Doc. 64) based on the numerous extension already granted and the age of this litigation. At some point discovery has to end so that this case can move toward a resolution. Another continuance is no longer an option, and Plaintiffs must be held accountable for their continuous failure to comply with their discovery obligations. *See Geiserman*, 893 F.2d at 792 (Affirming district court's denial of party's request to extend expert disclosure deadlines: "Moreover, a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders."); *Hernandez*, 617 F. Supp. 2d at 497 ("A continuance would simply result in additional delay, where the parties have already been granted a ninety-day extension. Furthermore, a continuance would not prevent future dilatory behavior, nor would it serve to enforce the Court's scheduling order."). Therefore,

**IT IS ORDERED** that Defendants' Motion to Strike Plaintiffs' Expert Witnesses is **GRANTED**.

Signed in Baton Rouge, Louisiana, on July 30, 2014.

                                          **RICHARD L. BOURGEOIS, JR.**
                                          **UNITED STATES MAGISTRATE JUDGE**