UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FOREVER GREEN ATHLETIC**            **CIVIL ACTION**
**FIELDS, INC, et al.**

**VERSUS**            **NO. 11-633-JJB-RLB**

**BABCOCK LAW FIRM, LLC, et al.**

## RULING ON DEFENDANTS' MOTION TO COMPEL

Before the Court is Defendants' Motion to Compel (R. Doc. 72), Plaintiffs' responses to their fourth Requests for Production of Documents (R. Doc. 72-3), filed on June 27, 2014. Plaintiffs' response was due by July 27, 2014. At the Court's July 2, 2014 hearing, on this and other pending motions, Plaintiffs' counsel indicated that he did intend to respond to Defendants' Motion to Compel. (R. Doc. 73). As of this Order, however, Plaintiffs have failed to respond to Defendants' Motion.

Defendants' fourth Requests for Production (R. Doc. 72-3) seek financial documents supporting the monetary losses alleged in Plaintiffs' Complaint, and later detailed in a May 9, 2014 memorandum authored by Plaintiff, Keith Day. (R. Doc. 72-1 at 1). Defendants first requests requested documentation corroborating these alleged monetary losses on March 19, 2012, and have since repeated that request on numerous occasions. (R. Doc. 65). The Court has likewise ordered Plaintiffs to produce these financial documents. (R. Doc. 65).

To date, however, Defendants claim that Plaintiffs continuously refer to, but have yet to actually produce, these financial documents. (R. Doc. 72-1 at 2). Instead, Plaintiffs' counsel has

consistently informed Defendants and the Court that he has produced everything in his knowledge on behalf of his clients. (R. Doc. 72-6 at 1) ("As I have said repeatedly, you have all that I have received in this case, a huge volume of documents."); (R. Doc. 73) (Plaintiffs' counsel made the same affirmation at the Court's July 2, 2014 hearing); (Pls.' Supplemental Discovery Resp., R. Doc. 72-7 at 2) ("At present . . . Plaintiff has heretofore provided to Defendant the whole and entirety of any/all documentation in his possession which may and could be responsive unto these specific items."). Nonetheless, Defendants have continued to request discovery related to Plaintiffs' damages, despite Plaintiffs' insistence that no other documents exist. But this is understandable considering that Mr. Day's memo refers to specific losses, quantified down to the penny.

While their fourth set of document requests concern the same financial subject matter as earlier requests initially made on March 19, 2012, Defendants' latest discovery contains new requests that are much more detailed. Thse document requests were served on May 27, 2014 and track the specific categories of "direct and consequential damages arising from the [alleged] [m]alpractice" that are quantified in Mr. Day's May 9, 2014 memorandum. (R. Doc. 72-4 at 2).

On June 19, 2014, Plaintiffs provided Defendants with their Supplemental Responses to Defendants' previously mentioned discovery requests — Defendants' Interrogatory Nos. 4, 5, and 10, and Request for Production Nos. 2, 3, and 7, originally served on Plaintiffs over two years ago — on <u>March 19, 2012</u>. (R. Doc. 72-7); (R. Doc. 65 at 1). The Supplemental Responses were provided after the Court ordered production of the requested documents. (R. Docs. 65). The Supplemental Responses explain that Plaintiffs were still compiling "various 'specific' financial records which were recently sought by Defendants" in their fourth Requests for Production on May 27, 2014, which overlap with some of the documents previously

2

requested and ordered (R. Doc. 65) to be produced by the Court. (R. Doc. 72-2 at 2). Plaintiffs continue that "[i]n lieu of sending an unorganized pile of paperwork — essentially Plaintiff's presently-ongoing, work-in-progress compilation — in advance of the more formal responses to [the fourth document] requests which will follow, Plaintiff respectfully seeks deference of the Defendants in awaiting Plaintiff's production . . . to be provided to Defendants in due course." (R. Doc. 72-2 at 2-3).

Despite this promise, the June 27, 2014 deadline for responding to Defendants' May 27, 2014 fourth document requests past without any responses or objections to those requests from Plaintiffs. Instead, Defendants got an email from Plaintiffs' counsel on June 25, 2014 explaining that Plaintiffs had already provided discovery — referring to their Supplemental Responses — and reiterating: "As I have said repeatedly, you have all that I have received in this case, a huge volume of documents." (R. Doc. 72-6 at 1). To the Court's knowledge, Plaintiffs have not made any substantive objections to the requests. Moreover, Plaintiffs failure to followed through on their promise to provide financial documents meant they also did not adequately comply with the Court's Order (R. Doc. 65) to produce documents responsive to Defendants' March 19, 2012 Interrogatories and Requests for Production of Documents (R. Doc. 58-2 at 1-30).

On June 27, 2014, after again not receiving any of the promised documentation, Defendants filed the instant Motion to Compel (R. Doc. 72) Plaintiffs' responses to their fourth set of Requests for Production. On the same day, Defendants also filed a Motion to Dismiss, or in the alternative, Motion for Sanctions (R. Doc. 70) based on Plaintiffs' continued refusal to provide the financial documents requested over two years ago in Defendants' March 19, 2012 Interrogatories and Requests for Production and ordered to be produced by the Court. In light of the circumstances,

3

**IT IS ORDERED** that Defendants' Motion to Compel (R. Doc. 72) Plaintiffs' responses to Defendants' fourth set of Requests for Production of Documents is **GRANTED** and that Plaintiffs' discovery responses shall be produced according to the following instructions:

(1) Plaintiffs are to provide **responses** to Defendants' fourth set of Requests for Production of Documents by **August 15, 2014**.

(2) Plaintiffs' responsive documents, if any, **shall** contain **bates numbers** so that the parties and the Court can specifically identify which documents were produced in compliance with this Order.

(3) Plaintiffs' responses **shall include** an **affidavit** from Keith Day and David Ripka, on behalf of themselves and Forever Green Athletic Fields, Inc., **verifying** the **documents produced**, if any, in accordance with this Order.

   a. If Plaintiffs **do produce** documents in their possession or control, the affidavit should describe the documents produced and indicate their corresponding bates numbers.

   b. If Plaintiffs are not in possession or control of any responsive documents, the affidavit should **verify** that Plaintiffs do not possess or control any additional documents and that none have been produced.

(4) By **August 18, 2014**, Plaintiffs will **file** this **affidavit** — not any responsive documents it may describe — into the **record**.

Because many of the documents responsive to Defendants' fourth set of discovery requests are also response to their earlier March 19, 2012 requests at issue in Defendants' Motion to Dismiss, or Motion for Sanctions (R. Doc. 70), the Court will defer its consideration of that Motion (R. Doc. 70) until after Plaintiffs have filed their affidavit in the record.

Finally, Defendants request an award of "reasonable expenses, including attorney's fees, incurred in making this motion." (R. Doc. 72-1 at 3).  When a motion to compel is granted, Rule 37(5)(A) of the Federal Rules of Civil Procedure provides that "the court must, after giving an opportunity to be heard, require the party or the deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless certain exceptions apply.  Because the Court has granted Defendants' Motion to Compel and no exceptions apply, Defendants are entitled to an award of "reasonable expenses incurred" in making their Motion.  However, Defendants' Motion did not include an affidavit of reasonable expenses, including attorney's fees, which deprived Plaintiffs of an opportunity to respond.  Therefore,

Defendants are **ORDERED** to file an **affidavit** of reasonable expenses incurred in bringing this Motion, including attorney's fees, **no later than August 6, 2014**; and

Plaintiffs **may** submit a **response** to Defendants' affidavit within **7 days** of its filing. Plaintiffs' response shall be limited to the reasonableness of the amount of fees requested.

Signed in Baton Rouge, Louisiana, on July 30, 2014.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**