**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FOREVER GREEN ATHLETIC FIELDS, INC, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-633-JJB-RLB** |
| **BABCOCK LAW FIRM, LLC, et al.** | |

**RULING AND ORDER DENYING DEFENDANTS' RULE 37(b) MOTION**

Before the Court is Defendants' Motion to Dismiss Damages and/or for Other Sanctions (R. Doc. 70), filed on June 24, 2014. Plaintiffs filed a Memorandum in Opposition (R. Doc. 77) on July 16, 2014.

Defendants "move in accordance with Federal Rule of Civil Procedure 37(b) "for an order dismissing Plaintiffs' claims for damages"[1] or otherwise imposing sanctions. (R. Doc. 70 at 1). Rule 37(b)(2)(A) authorizes a court to dismiss claims with prejudice for failure to comply with a discovery order, but only when the noncompliance results "from willfulness or bad faith,

---

[1] Specifically, Defendants ask the Court to dismiss the following claims for damages:

   a. Direct payments to Babcock Law Firm, L.L.C. and Eric Miller that are alleged by Plaintiffs to be above and beyond that reflected in Babcock Law Firm, L.L.C.'s and Eric Miller's billing records;
   b. Direct payments to Chris Alexander;
   c. Payment of 'Employee Costs';
   d. Payment of 'Consultant Costs' to Hano & Ginsberg and Riverview Capital Consultants;
   e. Payment of 'Copying Costs';
   f. 'Lost Profits';
   g. Claims against Dawson for project losses per Hano & Ginsberg report;
   h. Consent Judgment rendered against Forever Green in *Dawson II*; and
   i. Costs of Bankruptcy Petition.

(R. Doc. 70 at 2).

and not from the inability to comply." *Prince v. Poulos*, 876 F.2d 30, 32 (5th Cir. 1989). The Rule otherwise allows the court to impose lesser sanctions while concurrently awarding expenses, neither of which require a showing of willfulness. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012). Ultimately, the district court "has broad discretion . . . to fashion remedies suited to the misconduct," *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990), and is permitted to "rely on its complete understanding of the parties' motivations." *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998).

Defendants believe dismissal or some lesser sanction is appropriate "because of Plaintiffs' pattern of conduct in failing to provide discovery and to comply with this Court's discovery orders" to produce financial documents responsive to Defendants' initial discovery requests. (R. Doc. 70 at 1). Defendants first requested discovery of Plaintiffs' monetary losses in their Interrogatories and Requests for Production served on March 19, 2012 — the requests underlying the current Motion. (R. Doc. 12-3 at 2). Based on supplemental responses later received on May 9, 2014, Defendants served their fourth set of Requests for Production on May 27, 2014.[2] These latest requests are not at issue, but remain relevant as they also sought

---

[2] Defendants' first Interrogatories and Requests for Production served on March 19, 2012 contained broad and generalized requests:

> **Interrogatory No. 4**
> Identify all physical, documentary and/or demonstrative evidence that you may or will introduce or use at the trial of this matter.
>
> **Interrogatory No. 5**
> Identify and list each item of damage alleged . . . . For each damage listed, please state the U.S. Dollar amount when applicable.
>
> **Requests for Production Nos. 2 and 3**
> Produce all documents identified in your response to Interrogatory No. 4 . . . . [and] that support those damages identified and listed in your response to Interrogatory No. 5.

(Defs.' 1st Interrog. and Req. for Produc., R. Doc. 58-2 at 24-26).

2

discovery of Plaintiffs' damages.  Defendants' fourth discovery requests, were narrower than the March 19, 2012 requests as they tracked the specific categories of "direct and consequential damages" quantified in Plaintiffs' May 9, 2014 supplemental responses to the initial requests. (R. Doc. 83 at 2).  The Court has likewise issued two Orders (R. Docs. 12, 65) compelling Plaintiffs to produce the financial documents requested on March 19, 2012 — the second of which prompted the current Motion to Dismiss (R. Doc. 65).  The Court later issued a similar Order (R. Doc. 83) compelling Plaintiffs' compliance with Defendants' fourth Requests for Production served on May 27, 2014.

On June 19, 2012, the Court granted Defendants' first Motion to Compel (R. Doc. 12), filed after Plaintiffs did not respond to their initial March 19, 2012 discovery requests. (Order, R. Doc. 13).  By the time the Court ordered production, Plaintiffs had already provided responses on May 25, 2012. (R. Doc. 58 at 2).  However, Defendants believed the Responses to Interrogatory Nos. 4 and 5 and Request for Production Nos. 2 and 3 were insufficient.  Defendants wrote to Plaintiffs on August 3, 2012 requesting supplemental responses. (R. Doc. 58-2 at 28).  When Plaintiffs did not respond to their letter, Defendants waited almost 2 years before re-urging their request in April of 2014. (R. Doc. 58-2 at 31).  As Defendants requested, Plaintiffs supplemented their responses on May 9, 2014 by providing a more detailed itemization of their damages, but failing to produce any corroborating documents. (R. Doc. 58-2 at 46-50).  These supplemental responses prompted two things.  First, Defendants issued a fourth set of Requests for Production on May 27, 2014, which sought very specific financial documents that would corroborate the specific damages itemized in Plaintiffs' May 9, 2014 supplemental responses.  Next, because no documents were produced on May 9, 2014, Defendants filed their

second Motion to Compel (R. Doc. 58) documents responsive to their initial March 19, 2012 discovery requests. (R. Doc. 65 at 1).

The Court granted Defendants' second Motion to Compel (R. Doc. 58) on June 12, 2014, ordering Plaintiffs to supplement their Responses with financial documents by June 19, 2014. (Order, R. Doc. 65). On June 20, 2014, a day after the deadline set by the Court's Order (R. Doc. 65), Plaintiffs submitted their supplemental responses to Defendants' March 19, 2012 discovery requests. (R. Doc. 70-2). Plaintiffs' June 20, 2014 supplemental responses to Defendants' March 19, 2012 discovery did not contain any documents. Instead, Plaintiffs explained that:

> At present, and without any currently-known exception (save for one minor distinction discussed *infra*), Plaintiff has heretofore provided to Defendant the whole and entirety of any/all documentation in his possession which may or could be responsive . . . . Stated otherwise, Plaintiff is presently not in possession of any documentation responsive unto the aforesaid listing which has not yet been provided to the Defendants.

(R. Doc. 70-2 at 4). The "one minor distinction" Plaintiffs referred to were documents related to Plaintiffs' damages, but directly responsive to Defendants' fourth Requests for Production due on June 27, 2014:

> [V]arious 'specific' financial records which were recently sought by the Defendants in connection with their May 27, 2014, Fourth Set of Requests for Production of Documents (for which Plaintiff is presently compiling a response). In lieu of sending an unorganized pile of paperwork—essentially Plaintiff's presently-ongoing, work-in-progress compilation—in advance of the more formal response to [the May 27, 2014 Requests for Production] which will follow . . . .
>
> Otherwise and subject to the limited distinction addressed above, Plaintiff has heretofore made a full and complete production of any/all such responsive items which Plaintiff 'may or will introduce or use at the trial of this matter.'

4

(R. Doc. 70-2 at 4-5). Despite Plaintiffs' insistence that they did not have supplemental documents responsive to the March 19, 2012 requests, Defendants filed the instant Motion to Dismiss and/or for Sanctions (R. Doc. 70) on June 24, 2012.

Plaintiffs informed Defendants on June 25, 2014 that they had already provided everything in their possession and control to Defendants. (R. Doc. 83 at 5). Two days later, the June 27, 2014 deadline for responding to Defendants' fourth Requests for Production passed without any of the responsive "various 'specific' financial records" that Plaintiffs were allegedly compiling on June 20, 2014. (R. Doc. 83 at 5). Without receiving any documents in response to their fourth discovery requests, Defendants moved the Court to compel production of these documents on June 27, 2014. (R. Doc. 72).

On July 30, 2014, the Court granted the Motion compelling Plaintiffs' responses to Defendants' fourth set of discovery requests served on May 27, 2014. (R. Doc. 83). In this most recent Order (R. Doc. 83), the Court required Plaintiffs to produce any outstanding discovery by August 15, 2014 (R. Doc. 83 at 4). Plaintiffs were additionally ordered to file an affidavit in the record verifying the documents produced, if any, by August 18, 2014. (R. Doc. 83 at 4).

Plaintiffs complied with the Court's Order by producing documents and filing affidavits into the record. (R. Docs. 102, 103). Plaintiffs' affidavits indicate they produced 3 categories[3] of documents relevant to their alleged damages in response to Defendants' May 27, 2014 discovery

---

[3] Specifically, Plaintiffs claim they produced documents reflecting:

(1) Loans Keith Day made to Forever Green to pay Defendants' legal fees;
(2) Keith Day's withdrawal of $32,500 from his IRA; and
(3) Keith Day's 2002-2010 tax returns.

(David Ripka Aff., R. Doc. 102); (Keith Day Aff., R. Doc. 103).

requests. (R. Docs. 102, 103).[4] The affidavits do not otherwise indicate that any documents were produced in response to Defendants' first discovery requests served on March 19, 2012. This is consistent with Plaintiffs' June 20, 2014 representation that they do not have any other documents responsive to Defendants' March 19, 2012 discovery requests at issue in the current Motion to Dismiss. (R. Doc. 70-2). Plaintiffs also qualified their responses to Defendants' fourth Requests for Production, however, by explaining that other than the 3 categories of documents produced: "I am not in possession or control of any other responsive documents[;] I do not possess or control any additional documents . . . ." (Ripka Aff., R. Doc. 102 at 7); (Day Aff., R. Doc. 103 at 7). As the Court already explained, this qualification is anything but new.

Plaintiffs and their attorney have repeatedly insisted that they have produced everything responsive to Defendants initial Interrogatories and Requests for Production served on March 19, 2012. (R. Doc. 72-6 at 1) ("As I have said repeatedly, you have all that I have received in this case, a huge volume of documents."); (R. Doc. 73) (Plaintiffs' counsel made the same affirmation at the Court's July 2, 2014 hearing); (Pls.' Supplemental Discovery Resp., R. Doc. 72-7 at 2) ("At present . . . Plaintiff has heretofore provided to Defendant the whole and entirety of any/all documentation in his possession which may and could be responsive unto these specific items.").

Despite Plaintiffs' insistence that they have nothing more to produce, Defendants have continued to ask Plaintiffs to provide financial documents in response to their March 19, 2012 discovery requests to no avail. When Plaintiffs inevitably produce nothing and insist that nothing exists, Defendants move the Court to compel production. As of this Order, Defendants

---

[4] Although the documents produced on August 15, 2014 were in response to specific requests made on May 27, 2014, the Court realizes these documents were still arguably responsive to Defendants' March 19, 2012 Request for Production No. 3 asking for documents supporting each item of damages alleged and its dollar amount. (R. Doc. 58-2 at 6, 8).

still contend Plaintiffs should be in possession of more documents responsive to their March 19, 2012 requests, yet they will not produce sufficient evidence to support their monetary losses.

The Court is aware of Defendants' ongoing frustrations throughout discovery. (R. Docs. 12, 13, 16, 27, 37, 39, 41, 43, 46, 50, 53, 54, 55, 56, 57, 58, 59, 64, 65, 66, 68, 70, 72, 74, 75, 81, 82, 83) (various discovery-related issues presented to and resolved by the Court throughout this 3-year litigation). Plaintiffs' lack of diligence, however, has already been handled by the Court's previous Orders, making the instant Motion cumulative. The Court also acknowledges that it is implausible that Plaintiffs have never had documentation to support the very specific amounts and categories of certain claimed damages, and has ruled accordingly. For instance, the Court has granted Defendants' Motions to Compel (R. Docs. 13, 65) some of the same discovery at issue here, assessed fees and expenses against Plaintiffs (R. Doc. 129) under Rule 37(c)(5), and precluded Plaintiffs from presenting any expert testimony at trial (R. Doc. 82) by granting Defendants' Motion to Strike Plaintiffs' experts (R. Doc. 66).

Ultimately, there is nothing more to be done when the Court's Orders compelling production are consistently met with Plaintiffs' insistence that they are incapable of compliance because no other documents exist. *Prince*, 876 F.2d at 32 (court must determine whether noncompliance results from "the inability to comply"). At some point discovery has to end; and Defendants must accept Plaintiffs' insistence, and proceed to trial on the evidence produced. In this case, discovery closed on August 18, 2014. (R. Doc. 81). Most importantly, Plaintiffs bear the ultimate burden of proof, not Defendants. In other words, if Plaintiffs simply do not have evidence to support their claimed damages — no matter how unrealistic that may seem — they risk losing on summary judgment or at trial. Given Plaintiffs' insistence that no further

7

information exists, the Court will not sanction Plaintiffs under Rule 37(b) for not producing documents they have repeatedly claimed to not have.

Additionally, the Court is aware of Defendants' concern that Plaintiffs will attempt to present unproduced discovery in support of their claims at trial or during dispositive motion practice. But the Court cannot sanction Plaintiffs based on Defendants' assumption of their future non-compliance with the Court's Orders or the Federal Rules of Civil Procedure. It is noted, however, that in addition to Rule 37(b)'s available sanctions, under Rule 37(c)(1), if a party fails to "provide information . . . required by Rule 26(a) or (e)" within the established deadlines "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."[5] To be clear, the exclusion "is mandatory and automatic unless the party demonstrates substantial justification or harmlessness." *Red Dot Bldgs. v. Jacob Technology, Inc*., 2012 WL 2061904, at *3 (E.D. La. June 7, 2012); *see also Moore v. BASF Corp*., 2012 WL 4344583, at *4 (E.D. La. Sept. 21, 2012) (a party is not excused from its Rule 26 obligations "because it has not fully investigated the case") (quoting Fed. R. Civ. P. 26(a)(1)(E)). Should Plaintiffs attempt to present any unproduced discovery at trial or in connection with dispositive motions, Defendants may object and seek exclusion of the unproduced evidence at that time. Additionally, sanctions may be appropriate under Rule 37(b) if Plaintiffs do present any of these documents as evidence despite their repeated assurances that nothing exists. Therefore,

---

[5] Most relevant here, Rule 26(a) requires a party to, "without awaiting a discovery request:"

> [A] computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based.

Fed. R. Civ. P. 26(a)(1)(A)(iii). Rule 26(e)(1) provides that a party "who has made a disclosure under Rule 26(a) — or who has responded to an interrogatory, request for production, or request for admission — must supplement or correct its disclosure or response . . . in a timely manner" or as ordered by the court's scheduling order.

**IT IS ORDERED** that Defendants' Motion to Dismiss and/or for Sanctions (R. Doc. 70) is **DENIED**.

Signed in Baton Rouge, Louisiana, on October 7, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**