FOREVER GREEN ATHLETIC FIELDS, INC.,

KEITH DAY, AND

DAVID RIPKA

CIVIL ACTION

VERSUS

NO. 11-633-JJB

BABCOCK LAW FIRM, LLC ET AL

## RULING ON MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on five motions for summary judgment filed by the defendants, Babcock Law Firm, LLC, Stephen Babcock, APLC, Timothy Stephen Babcock, and Babcock Partners, LLC (collectively "Babcock"). (Docs. 87, 99, 104, 106, and 107). Plaintiffs Forever Green Athletic Fields, Inc. (Forever Green), Keith Day (Day), and David Ripka (Ripka) filed oppositions to each motion (Docs. 112, 113, 122, 123, and 124), and defendants replied (Docs. 121, 119, 132, 133, and 134) to each opposition. The defendants also filed a Motion for Rule 37(b) sanctions. (Doc. 137). Oral argument is not necessary.

## Background

The following facts are not in dispute. In 2005, Forever Green, a corporation owned by Day and Ripka, was sued by Kelli and Charles Dawson under various contract theories; Day and Ripka were named personally under tort theories. The Dawsons voluntarily dismissed their suit before filing again over a year later in September 2006. Forever Green and the individual plaintiffs, Day and Ripka, had out-of-state counsel, William Tobolsky (Tobolsky), but no in-state counsel, so the three hired Babcock. Babcock represented Forever Green, Day, and Ripka in the

first suit and the second suit until he and his firm withdrew in May 2009. During the representation, Babock and the Plaintiffs had a contentious relationship, both personally and financially. The Plaintiffs inquired about Babcock's strategy multiple times, and by the time the relationship ended, did not trust him. After Babcock, the plaintiffs hired Eric Miller (Miller), another Louisiana attorney. Miller withdrew from the Dawson matter as well, leading to the involvement of the third attorney, Chris Alexander (Alexander), who defended the case until its conclusion.

The second Dawson case had different outcomes for Forever Green and the individual defendants. Forever Green, before the trial, confessed judgment, but Day and Ripka filed an exception of prescription. Alexander was the first attorney to raise this defense on their behalf, and though the trial judge took it under advisement and conducted the entire trial, he ultimately dismissed the claims against the individual defendants as prescribed. The prescription defense existed from the beginning of the second Dawson case, prompting Day, Ripka, and Forever Green to pursue remedies for legal malpractice. Though the plaintiffs initially made demands on both Babcock and Miller for failing to raise the prescription defense, they only filed suit against Babcock.

<u>**Standard of Review**</u>

A motion for summary judgment should be granted when the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, show that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The admissibility of evidence for summary judgment purposes

conforms to the rules of admissibility at trial. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 285 (5th Cir. 2004) (citations omitted). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Whether a fact is material will depend on the substantive law. *Id*. When addressing a summary judgment motion, the court must make reasonable inferences in favor of the non-moving party. *Evans v. City of Bishop*, 238 F.3d 586, 589 (5th Cir. 2000). If the movant meets his initial burden of showing the absence of a genuine dispute of material fact, the burden shifts to the nonmovant to identify or produce evidence that establishes a genuine dispute of material fact. *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

## Analysis

I.      Peremption

Under Louisiana law, legal malpractice claims have two peremptive periods: one-year and three-year. La. Rev. Stat. Ann. § 9:5605(A) (2014). A legal malpractice claim is perempted one year from when the plaintiff knew or should have known of the general facts underlying the claim. *Id*. Further, regardless of actual or constructive knowledge of the basis for the claim, no legal malpractice claim can be asserted more than three years after "the date of the alleged act, omission, or neglect." *Id*. Peremptive periods, once they accrue, eliminate a right. La. Civ. Code Ann. art. 3458 (2014). There can be no interruption or suspension, and no exceptions apply. *Reeder v. North*, 97-0239 (La. 10/21/97), 701 So.2d 1291, 1298 (Internal citations omitted). The one year period, triggered by knowledge, includes imputed knowledge. That is, an attorney's actual or constructive—what she should have known—knowledge is imputed to a client. *Andre v. Golden*, 99-689 (La. App. 5 Cir. 12/21/99), 750 So.2d 1101, 1104–05 (Internal citations

omitted); See also *Regional Transit Authority v. Levey*, 595 So.2d 1255, 1258 (La. Ct. App. 4 Cir. 1992).

After Babcock withdrew in 2009, the plaintiffs hired Eric Miller, a licensed Louisiana attorney. Given that the prescription defense was "glaringly obvious," as plaintiffs phrase it, Mr. Miller should have known about it, bringing the defense within his constructive knowledge. Further, once an attorney has constructive knowledge of a winning defense and is aware that a prior attorney withdrew without asserting it for over three years, this attorney also has constructive knowledge that the previous attorney's failure gives his client a malpractice claim. Therefore, peremption began to run the day that the plaintiffs hired Miller: around[1] May or June 2009; the right ceased to exist in May or June of 2010. Plaintiffs did not file this suit until 2011, well after peremption extinguished the right. Therefore, summary judgment on the grounds that the malpractice claim is perempted should be granted.

II.     Other Summary Judgment Motions

Several other summary judgment motions are also outstanding. However, as malpractice is the plaintiffs' only claim, and it is perempted, there is no need to address the other motions; they are moot.

III.    Costs

A.  Magistrate Judge's Order

Currently, plaintiffs and their counsel owe defendants costs totaling $3,235.50 based on an order by Magistrate Judge Bourgeois. (Doc. 129). The plaintiffs have not paid these costs yet, and the Court orders them to pay within fifteen (15) days of this ruling.

B.  Motion for Rule 37(b) Sanctions

---

[1] The exact date is not clear, but it is clearly outside of the peremptive range.

The defendants filed a Motion for Rule 37(b) Sanctions seeking to have the case dismissed or, alternatively, for the Court to impose sanctions. As the case will be dismissed on other grounds, the Court will instead impose sanctions for the plaintiffs' failure to comply with multiple orders, including the aforementioned order to pay $3,235.50 within thirty days of October 7. The Court orders plaintiffs to pay an additional $500 in costs, also within fifteen (15) days of this ruling.

## Conclusion

For the foregoing reasons, the motion for summary judgment due to peremption (Doc. 87) is GRANTED in favor of the defendants, and the case is DISMISSED. The other motions for summary judgment (Docs. 99, 104, 106, and 107) are MOOT. Plaintiffs are ordered to pay costs totaling $3,735.50 within fifteen days of this ruling.

Signed in Baton Rouge, Louisiana, on December 10, 2014.

_____

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**